JOHN CROSS et ux. v. E. P. BLOOMER et al.

1. JURISDICTION OF COUNTY COURT. *In sale of land. To what confined.* The County Court cannot entertain an executor's bill to sell the land of his testator, its jurisdiction in this respect being limited to decrees for partition, or sales for partition when such sales are manifestly to the interest of tenants in common.

2. CHAMPERTY. *What not.* An agreement by a party to attend to the prosecution of a suit for another, and to compensate himself out of the amount that might be recovered, is not champertous.

Case cited : Moore v. Trustees of Campbell Academy, 9 Yer., 115.

Code cited: Sec. 1781.

FROM MCMINN.

From the Chancery Court at Athens.

No record can be found.

NICHOLSON, C. J., delivered the opinion of the court.

Matthias Firestone died in McMinn county in 1850, having made his will, in which he directed his executors to rent out his land and hire out his negro man Moses for ten years for the maintenance of his widow and two minor children, Mary and Matthias, and then to sell the land, and after paying several specific legacies, amounting to $1,500, to divide the remainder among Mary, Matthias, and Samuel Firestone. Instead of executing the will as directed, the executors filed a bill in the County Court, and by a decree thereof had the land sold, and at the sale Samuel Firestone, one of the executors, purchased. The land is now held and occupied by several parties who claim under Samuel Firestone.

This bill is filed by John Cross, who married Mary Firestone, and his wife (her brother Matthias having died intestate, and without having been married) against the executors and the other heirs, to have the sale made by order of the County Court set aside, and for the rent of the land and hire of the slave, and for the partition of the land, or its sale for partition and payment of the specific legacies.

The Chancellor held the County Court proceedings to be void for want of jurisdiction. This was clearly correct, as the jurisdiction of that court was limited to decreeing partition, or sale for partition when that is manifestly to the interest of the tenants in common.

The Chancellor ordered the proper accounts and

reports to be made for the purpose of ascertaining the rights and equities of the parties under the will. In taking proof on this reference, John Benton was examined as a witness, and in the course of his testimony he was asked this question: "Have you not been attending to the prosecution of this suit, and are you not to get pay for your trouble upon condition that the complainants recover?" He answered: "I was to attend to the suit, to pay myself for my trouble out of the amount that might be recovered."

A motion was made by defendants to dismiss the suit upon the ground that this evidence showed that there was champerty in its prosecution by the witness.

The statute against champerty, Code sec. 1781, forbids any party to "promise or agree to pay, or give any greater or less sum of money off any greater or less portion of the thing in litigation, upon any contingency, or upon the event of the suit."

The Chancellor held that the contract proved by the witness was not champertous, and refused to dismiss the suit. There was no error in this. The proof shows that the witness was the brother of complainant Mary's then husband; that she resided in Arkansas, and that after coming here and instituting her suit, she made arrangements with the witness to attend to its prosecution, and then she returned home. There is no such contingency in the arrangement as is contemplated in the statute: *Moore* v. *Trustees of Campbell Academy*, 9 Yerg., 115.

The suit proceeded to a final decree after two reports and exceptions thereto.

We are unable to discover any error in the action of the Chancellor in disposing of the exceptions, and in his final decree.   At one term of the court the Chancellor decreed a sale of the land for the purpose of satisfying the legacies, and for distribution of the balance, but at the same term suspended the execution of the decree until further order.   At a subsequent term, instead of decreeing the sale of the entire tract, it was ordered that the share of complainant be first laid off by commissioners, upon the belief that the tract would sell to better advantage when thus partitioned than if sold in a body.   We see no objection to this proceeding.

The decree is affirmed with costs, and the cause remanded that the decree ordering the partition may be executed and further steps taken.